UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TARANCE L. BRYANT,

                Petitioner,

v.

                Case No. 21-CV-936-JPS

JON NOBLE,

                **ORDER**

                Respondent.

On May 31, 2023, the Court denied Petitioner Tarance L. Bryant's ("Petitioner") 28 U.S.C. § 2254 petition and dismissed the action with prejudice. ECF No. 11. The Court further denied Petitioner a certificate of appealability. *Id.* Judgment was entered accordingly. ECF No. 12. Now before the Court is Petitioner's timely motion for reconsideration under Federal Rule of Civil Procedure 59(e). ECF No. 13. For the reasons set forth below, the motion for reconsideration will be denied.

Rule 59(e) applies only in limited circumstances. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Nor is it a "forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Instead, "[i]t is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto*, 224 F.3d at 606 (quoting *Sedrak*, 987 F. Supp. at 1069).

Ground One of the Petition alleged that "the circuit court had improperly considered [Petitioner's] refusal to consent to a warrantless blood draw as an aggravating factor at sentencing in violation of *Birchfield v. North Dakota*, [579 U.S. 438] (2016)[.]" ECF No. 11 at 3 (quoting *State v. Bryant*, No. 2019AP16-CR, 2020 WL 13348881, at *1 (Wis. Ct. App. Apr. 15, 2020)). On reconsideration, Petitioner argues that the Court erred by "[n]ot questioning the validity of the warrant" because there was no "neutral magistrate to make a probable cause determination," and because multiple blood draws were taken from one warrant. ECF No. 13 at 2. Further, he contends that the Lorazepam found in his system was administered by the hospital, which contradicts the circuit court's comments at sentencing. *Id.* at 3.

First, a Fourth Amendment challenge to the validity of the warrant was neither raised before the state courts, ECF Nos. 8-2 and 8-6, nor argued in the underlying § 2254 merits briefing, ECF No. 9. As Respondent argues, *see* ECF No. 14 at 2, it therefore stands both unexhausted and waived. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (a district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them") (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990)); *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991) (arguments raised for the first time on a motion to reconsider are waived) (citing *Kenne Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 666 (N.D. Ill. 1983), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)). Second, the comments of the circuit court that Petitioner challenges do not mention Lorazepam. ECF No. 11 at 2, 4. This argument, too, is new on reconsideration, but, as Respondent argues, it is irrelevant. ECF No. 14 at 2.

Ground Two alleged "that sentence modification was appropriate in light of additional information that was not presented to the court that lent credence to [Petitioner's] claim that he was fleeing from [another individual] when he struck the victim's vehicle." ECF No. 11 at 3 (quoting *Bryant*, 2020 WL 13348881, at *1). On reconsideration, Petitioner argues that the Ground presents clear violations of Petitioner's right to procedural due process and his Fifth Amendment rights. ECF No. 13 at 3. Petitioner also appears to challenge that these facts were not included to "support a lesser charge for jury instructions" and argues that a warrant should have been issued for the individual from whom he claims to have been fleeing. *Id.* at 3–4.

As with Ground One, first, no procedural due process or Fifth Amendment challenges were raised before the state courts, nor were any claims regarding jury instructions or a warrant for the other individual. ECF Nos. 8-2, 8-6. The arguments were also not made in the underlying briefing. ECF No. 9. Thus, as Respondent again argues, ECF No. 14 at 3, they are both unexhausted and waived. *Lane*, 939 F.2d at 410 (citing *Gramley*, 915 F.2d at 1131–32); *Granite State*, 925 F.2d at 192 n.7 (citing *Kenne Corp.*, 561 F. Supp. at 666).

Second, even if they were not, the Court considered the "additional information" and held that it was not information of a "constitutional magnitude" given both that Petitioner conceded before the state courts that the information was not a defense to the charge (thus negating any argument for a lesser charge), and that the circuit court considered the new information and explained that it did not affect its sentence. ECF No. 11 at 14–15 (citing *Prude v. Pollard*, No. 11-CV-1005, 2012 WL 3301029, at *4–5 (E.D. Wis. Aug. 13, 2012) (state court decision not unreasonable where

circuit court considered the additional information and explained why it did not alter its conclusion) and *Bryant*, 2020 WL 13348881, at *2 ("[W]hether [Petitioner] was provoked or not, whether he panicked, the fact of the matter is [Petitioner] made a God awful decision that night to get in his car intoxicated and ultimately resulting in this hit and run accident and death of an innocent person.")). Thus, Petitioner has not put forth a meritorious argument for Rule 59(e) reconsideration.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration, ECF No. 13, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge